EDWARD E. ARNOLD *et als. vs.* CHARLES M. TYLER *et als.*

JULY 15, 1911.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1) *Town Councils Have Exclusive Control of Highway Repairs.*

Under the provisions of Gen. Laws, 1909, cap. 83, sec. 1, the town councils of the towns are given exclusive control over the repair and improvement of the highways, causeways and bridges within their respective towns, and the action of a financial town meeting in appointing a committee to supervise highway and bridge improvements and repairs and to expend the appropriations therefore, is invalid.

BILL IN EQUITY. Heard on appeal from decree of Superior Court and affirmed.

SWEETLAND, J. This is a bill in equity in which the complainants, taxpayers of the town of Coventry and also members of the town council of said town at the time of filing said bill, pray, among other things, that the respondents, who are members of a committee appointed by the annual financial town meeting of said town held on May 31st, 1909, "be restrained and enjoined from repairing, amending or meddling with any of the highways and bridges of said town." The cause is before us upon an appeal from the final decree of the Superior Court wherein the said respondents, who are members of said committee, "are restrained and enjoined from doing any of the work of repair and amendment on existing highways and bridges in the town of Coventry."

At a meeting of the taxpaying electors of said town held on May 31st, 1909, it was voted, among other things, as follows:

"VOTED that the sum of $7300 is hereby appropriated for highway improvements, said sum or any part thereof to be expended upon such highways and at such places as may be designated by a committee of five tax payers, to be chosen

and elected at this meeting, and all such work shall be done by contract. Said committee is hereby authorized to make such contracts. This appropriation shall be known as the 'Highway Improvement Fund' and the Town Treasurer is hereby forbidden to pay out any of said fund upon any order or voucher excepting that of said committee. Said committee shall be allowed their reasonable expenses, but they shall not be allowed any salary. And the following are hereby elected as such committee, Charles M. Tyler, Henry A. Sisson, Searles Capwell, Isaac Fiske, and James A. Andrews.

"VOTED that the committee heretofore appointed to make and supervise highway improvements be and they are hereby authorized and directed to make all necessary repairs on the bridges at Harris and at Arkwright. Eight hundred dollars or so much thereof as is necessary to properly repair the bridge at Harris and five hundred dollars or so much thereof as is necessary to properly repair the bridge at Arkwright, are hereby appropriated for said repairs. These appropriations are to be parts of the appropriation of $7300 made this day for highway improvements, and the Town Treasurer is hereby directed and authorized to pay for such repairs only upon a written voucher or vouchers signed by said committee or a majority thereof. Said work shall be done under contract."

Upon the authority of these votes of the financial town meeting the said committee proceeded to begin the work of repairing and amending certain highways and bridges in said town of Coventry, and continued until they were restrained by a preliminary injunction entered in this cause.

(1) Section 1, Chapter 72, Gen. Laws, 1896, now section 1, Chapter 83, Gen. Laws, 1909, is as follows: "All highways, causeways and bridges, except as is hereinafter provided, lying and being within the bounds of any town, shall be kept in repair and amended, from time to time, so that the same may be safe and convenient for travellers with their teams, carts and carriages at all seasons of the year, at the

proper charge and expense of the town, under the care and direction of the town council of such town." Under this section the town councils of the towns are given exclusive control over the repair and improvement of the highways, causeways and bridges within their respective towns. So far as the financial town meeting of Coventry or the committee appointed by said town meeting has attempted to interfere with such exclusive control their action is unwarranted and invalid.

The final decree of the Superior Court entered in said cause is affirmed and the cause is remanded to the Superior Court for further proceedings.

*E. K. Parker,* for complainants.

*Quinn & Kernan,* for respondents.